IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

_____

LASHONDRA HENDERSON,

    Plaintiff,

vs.                                    No. 17-2599-JTF-dkv

LINCARE/UNITED MEDICAL, INC.,

    Defendant.
_____

ORDER GRANTING MOTION FOR LEAVE TO APPEAR *IN FORMA PAUPERIS*
and
REPORT AND RECOMMENDATION FOR PARTIAL *SUA SPONTE* DISMISSAL
_____

On August 17, 2017, the plaintiff, Lashondra Henderson ("Henderson"), filed a *pro se* complaint against the defendant, Lincare/United Medical, Inc. ("Lincare"), alleging race discrimination, color discrimination, and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e *et seq.* ("Title VII"). (Compl., ECF No. 1.) This case has been referred to the United States Magistrate Judge for management and for all pretrial matters for determination and/or report and recommendation as appropriate. (Admin. Order 2013-05, Apr. 29, 2013.)

Accompanying the complaint was a motion seeking leave to proceed *in forma pauperis*. (ECF No. 2.) The information set forth in the affidavit submitted by Henderson satisfies her burden of demonstrating that she is unable to pay the civil

filing fee. *See* 28 U.S.C. §§ 1915(a), 1746. Accordingly, the motion to proceed *in forma pauperis* is GRANTED.

For the reasons that follow, it is recommended that Henderson's Title VII color-discrimination claim against Lincare be dismissed and that service be issued for Lincare on the remaining race-discrimination and retaliation claims.

## I. PROPOSED FINDINGS OF FACT

Henderson filed her complaint on a court-supplied form styled "Complaint" and brought pursuant to Title VII. (Compl., ECF No. 1.) In her complaint, Henderson alleges that Lincare discriminated against her on the basis of race and color and retaliated against her. (*Id.* ¶¶ 6, 9.) For the discriminatory conduct of which she complains, Henderson checked the boxes in the form complaint corresponding to "termination of my employment," "failure to promote," "unequal terms and conditions of my employment," "retaliation," and "racial remark/intimidation." (*Id.* ¶ 6.)

In the section of the form complaint which calls for the facts of the case, Henderson stated that she complained about race discrimination to her supervisor Mary Orians ("Orians") in November 2015, after having worked at the company and witnessed racial discrimination since 2012.[1] (*Id.* ¶ 10.) Henderson

---

[1]In her complaint, Henderson states she had been employed with the company since August 3, 2012. (Compl. ¶ 10, ECF No. 1.) In her Tennessee Human Rights Commission charge, she states

2

further stated that regional manager Bill Warren assured her the corporate office would investigate her complaint, but no investigation occurred. (*Id.*) Henderson alleges that she was discriminated against in retaliation for making this complaint. (EEOC Docs. 2, ECF No. 1-2.)

Henderson attached to her complaint a one-page, typewritten letter and her initial and amended Charge of Discrimination filed with the Tennessee Human Rights Commission ("THRC") and a Notice of Right to Sue from the EEOC dated May 16, 2017. (*Id.*) Henderson signed the letter on behalf of all "United Medical Workers under the supervision of Mary Orians."[2] (Letter, ECF No. 1-1.)[3] In this letter, Henderson alleges that Orians

---

she had been employed with the company since August 6, 2013. (EEOC Docs. 2, ECF No. 1-2.)

[2]*Pro se* litigants cannot represent others. Federal Rule of Civil Procedure 11 requires that each pleading, motion, or other paper submitted to the court be signed by the party personally or his attorney of record, if represented. Fed. R. Civ. P. 11(a). Therefore, in federal court, a party can either be represented by an attorney or can represent himself, but cannot be represented by a nonlawyer. *Velasco v. Lamanna*, 16 F. App'x 311, 313 (6th Cir. 2001)(citation omitted). For the purposes of this screening, the court only considers the facts in the letter that pertain to Henderson.

[3]For purposes of evaluating Henderson's complaint for failure to state a claim, the court will consider the exhibits filed with her original complaint. *See Amini v. Oberlin Coll.*, 259 F.3d 493, 502–03 (6th Cir. 2001)(reversing a 12(b)(6) dismissal of a discrimination claim where the district court failed to consider the facts alleged in the plaintiff's discrimination charge, which was attached to his complaint); *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 362 (6th Cir. 2010)("[B]ecause aggrieved employees—and not attorneys—usually

routinely makes racial remarks against African-American employees. (*Id.*) Further, according to Henderson, Orians retaliates against African-American employees who complain to human resources by terminating them or forcing them to quit "due to the hostile, intimidating, discriminating, and threatening, and [sic] racial work environment." (*Id.*) Henderson also alleges in the letter that Orians treats white employees differently than African-American employees by "only tell[ing] the whites what is going on in the company" and failing to write up white employees when she writes up African-American employees for the same conduct. (*Id.*)

In her initial and amended charges to the THRC, Henderson checked the boxes corresponding to discrimination based on race and retaliation. (EEOC Docs. 2-3, ECF No. 1-2.) In her initial THRC charge, Henderson stated that Orians discriminated against her based on race and retaliated against Henderson after she complained internally about Orians. (*Id.* at 2.) In her amended THRC charge, Henderson alleged that she was terminated from her employment in retaliation for her previous THRC charge. (*Id.* at 3-4.) The EEOC sent a Notice of Right to Sue, which Henderson received on May 19, 2017. (Compl. ¶ 14, ECF No. 1.)

---

file charges with the EEOC, their *pro se* complaints are construed liberally, so that courts may also consider claims that are reasonably related to or grow out of the factual allegations in the EEOC charge.").

For relief, Henderson requests back pay, compensatory damages, and an apology from Lincare. (Compl., ECF No. 1.)

II. PROPOSED CONCLUSIONS OF LAW

A. 28 U.S.C. § 1915(e)(2) Screening

Pursuant to Local Rule 4.1(a), service will not issue in a *pro se* case where the *pro se* plaintiff has been granted leave to proceed *in forma pauperis* until the complaint has been screened under 28 U.S.C. § 1915(e)(2). The clerk is authorized to issue summonses to *pro se* litigants only after that review is complete and an order of the court issues.

This report and recommendation will constitute the court's screening. The court is required to screen *in forma pauperis* complaints and to dismiss any complaint, or any portion thereof, if the action —

(i) is frivolous or malicious;

(ii) fails to state a claim on which relief may be granted; or

(iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2).

B. Standard of Review for Failure to State a Claim

In assessing whether the complaint in this case states a claim on which relief may be granted, the court applies the standards under Federal Rule of Civil Procedure 12(b)(6), as stated in *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) and *Bell*

5

*Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). A complaint must "'contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *Courie v. Alcoa Wheel & Forged Prods.*, 577 F.3d 625, 629 (6th Cir. 2009)(quoting *Iqbal*, 556 U.S. at 678). The court "construes the complaint in a light most favorable to [the] plaintiff" and "accepts all factual allegations as true" to determine whether they plausibly suggest an entitlement to relief. *HDC, LLC v. City of Ann Arbor*, 675 F.3d 608, 611 (6th Cir. 2012). However, "pleadings that . . . are no more than conclusions[] are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679; *see also Twombly*, 550 U.S. at 555 n.3 ("Rule 8(a)(2) still requires a 'showing,' rather than a blanket assertion, of entitlement to relief. Without some factual allegation in the complaint, it is hard to see how a claimant could satisfy the requirement of providing not only 'fair notice' of the nature of the claim, but also 'grounds' on which the claim rests."). The Supreme Court's decision in *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002), makes clear that Title VII plaintiffs are not required to plead the elements of a prima facie case under *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). All that is

required is that the complaint comply with "Rule 8(a)'s simplified pleading standard." *Swierkiewicz,* 534 U.S. at 513.

"*Pro se* complaints are to be held to less stringent standards than formal pleadings drafted by lawyers, and should therefore be liberally construed." *Williams*, 631 F.3d at 383 (internal quotation marks omitted). *Pro se* litigants, however, are not exempt from the requirements of the Federal Rules of Civil Procedure. *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989); *see also Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011)("[A] court cannot create a claim which [a plaintiff] has not spelled out in his pleading.")(internal quotation marks omitted); *Payne v. Sec'y of Treas.*, 73 F. App'x 836, 837 (6th Cir. 2003)(affirming *sua sponte* dismissal of complaint pursuant to Fed. R. Civ. P. 8(a)(2) and stating, "[n]either this court nor the district court is required to create Payne's claim for her"); *cf. Pliler v. Ford*, 542 U.S. 225, 231 (2004)("District judges have no obligation to act as counsel or paralegal to *pro se* litigants."); *Young Bok Song v. Gipson*, 423 Fed. App'x 506, 510 (6th Cir. 2011)("[W]e decline to affirmatively require courts to ferret out the strongest cause of action on behalf of *pro se* litigants. Not only would that duty be overly burdensome, it would transform the courts from neutral arbiters of disputes into advocates for a particular party. While courts are properly charged with protecting the rights of all who come

before it, that responsibility does not encompass advising litigants as to what legal theories they should pursue.").

C. <u>Henderson's Title VII Race-Discrimination Claim</u>

The factual allegations in Henderson's complaint are sufficient for the court to infer the essential elements of a race-discrimination claim against Lincare. Title VII prohibits employers from discriminating "against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). The essential elements of a Title VII race-discrimination claim are (1) that the plaintiff is a member of a protected group; (2) that she was subjected to an adverse employment decision; (3) that she was qualified for the position; and (4) that either similarly situated non-protected employees were treated more favorably or she was replaced by someone outside her protected class. *Younis v. Pinnacle Airlines, Inc.*, 610 F.3d 359, 363 (6th Cir. 2010).

Here, Henderson alleges that Lincare discriminated against her based on her race, African-American; thus she is a member of a protected class. (Compl. ¶ 9, ECF No. 1.) Additionally, Henderson alleges that she suffered several adverse actions because Lincare failed to promote her, provided unequal terms of employment, and ultimately terminated her employment. (*Id.* ¶ 6.) Henderson alleges that Orians treated similarly situated

white employees more favorably. (Letter, ECF No. 1-1.) Construing these allegations liberally, they are sufficient to put Lincare on fair notice of Henderson's race-discrimination claim and the grounds upon which it rests.

D. Henderson's Title VII Retaliation Claim

Henderson has also sufficiently stated a retaliation claim. To state a claim of retaliation under Title VII, a plaintiff must allege that: (1) she acted in a manner protected by Title VII; (2) the defendant knew of this exercise of protected activity; (3) the defendant subsequently took an adverse action against her; and (4) the adverse action had a causal connection to the protected activity. *Burlington N. & Santa Fe Ry. Co. v. White*, 548 U.S. 53, 68 (2006). Under prong one, Henderson alleges that she engaged in the protected acts of "complaining internally about practices [she] believed to be unlawful in violation of Title VII" and filing a THRC charge of discrimination. (EEOC Docs. 2-4, ECF No. 1-2.) There are two types of "protected activity" for purposes of a Title VII retaliation claim: (1) "oppos[ing] any practice made an unlawful employment practice" by Title VII, and (2) making a charge, testifying, assisting, or participating in an "investigation, proceeding, or hearing" under Title VII. 42 U.S.C. § 2000e-3(a). The Sixth Circuit has stated that the "opposition clause protects not only the filing of formal discrimination charges

9

with the EEOC, but also complaints to management and less formal protests of discriminatory employment practices." *Laster v. City of Kalamazoo*, 746 F.3d 714, 730 (6th Cir. 2014)(citations omitted). Therefore, both Henderson's internal complaint and her THRC charge constitute protected activities.

As to prong two, Henderson alleges that she filed an internal complaint against Orians, to which Bill Warren, the regional manager, responded. (Compl. ¶ 10, ECF No. 1.) Therefore, Lincare knew Henderson engaged in protected activity.

Under the third prong, Henderson alleges that Orians issued a written warning against her and discriminated against her after she complained internally. (EEOC Docs. 4, ECF No. 1-2.) She also alleges that Lincare terminated her in retaliation for her THRC charge. (*Id.* at 4.) "An adverse employment action 'constitutes a significant change in employment status, such as hiring, firing, failing to promote, reassignment with significantly different responsibilities, or a decision causing a significant change in benefits.'" *Laster*, 746 F.3d at 727 (quoting *Burlington Indus., Inc. v. Ellerth*, 524 U.S. 742, 761 (1998)). Therefore, construing the complaint liberally, the formal, written warning and termination constitute adverse employment actions.

Under prong four, Henderson alleges that she filed an internal complaint on November 23, 2015. (EEOC Docs. 2, ECF No.

10

1-2.) As a result, Lincare retaliated against her by discriminating against her and by issuing her a written warning. (*Id.*) In her amended charge, Henderson alleges that Lincare retaliated against her again by firing her on August 9, 2016, less than four months after her April 27, 2016 filing with the THRC. (*Id.* at 4.) In *Mickey v. Zeidler Tool & Die Co.*, 516 F.3d 516 (6th Cir. 2008) the Sixth Circuit explained:

> Where an adverse employment action occurs very close in time after an employer learns of a protected activity, such temporal proximity between the events is significant enough to constitute evidence of a causal connection for the purposes of satisfying a prima facie case of retaliation. But where some time elapses between when the employer learns of a protected activity and the subsequent adverse employment action, the employee must couple temporal proximity with other evidence of retaliatory conduct to establish causality.

*Id.* at 525. "[C]ases that have permitted a prima facie case to be made based on the proximity of time have all been short periods of time, usually less than six months." *Parnell v. West*, 114 F.3d 1188, at *3 n.1 (6th Cir. 1997)(listing a number of cases that support this proposition). Construing the complaint liberally and under this authority, Henderson has sufficiently satisfied the fourth prong of causation by alleging that Lincare discriminated against her and issued her a warning for complaining internally, and also by alleging that Lincare terminated her employment less than four months after she filed a THRC charge. (EEOC Docs. 2, 4, ECF No. 1-2.) For these

reasons, Henderson sufficiently states a claim of retaliation under the above elements.

E.  Henderson's Title VII Color-Discrimination Claim

Henderson did not allege color discrimination in her THRC charge but subsequently checked the box for color discrimination in her complaint. (Compl. ¶ 9, ECF No. 1; EEOC Docs., ECF No. 1-2.) Henderson's claim of color-discrimination should be dismissed for two reasons. First, Henderson failed to exhaust her administrative remedies by not alleging color discrimination in her THRC charge. "Exhaustion of administrative requirements is a precondition to filing a Title VII suit." *Lockett v. Potter*, 259 F. App'x 784, 786 (6th Cir. 2008)(citations omitted). Henderson did not mark the box on her THRC charge corresponding to color, nor did she sufficiently allege color in the box provided for the particulars of her claim. (EEOC Docs., ECF No. 1-2.) Even liberally construed, Henderson's charge fails to give the THRC sufficient notice of her color-discrimination claim in order to prompt the THRC to investigate a color-discrimination claim or attempt to conciliate it. Thus, Henderson has failed to exhaust her administrative remedies.

Second, even assuming that Henderson has exhausted her administrative remedies, she has failed to allege a color-discrimination claim. Color discrimination is distinct from race discrimination in that the former "'arises when the

particular hue of the plaintiff's skin is the cause of the discrimination, such as in the case where a dark-colored African-American individual is discriminated against in favor of a light-colored African-American individual.'" *Moore v. Food Lion*, No. 3:06-0712, 2007 WL 596955, at *2 (M.D. Tenn. Feb. 21, 2007)(quoting *Bryant v. Bell Atl. Maryland, Inc.*, 288 F.3d 124, 133 n.5 (4th Cir. 2002)). Henderson's allegations in her complaint focus exclusively on race and are "devoid of any hint that [her] particular skin tone motivated the alleged discrimination." *See Bryant*, 288 F.3d at 133 n.5. Accordingly, it is recommended that Henderson's discrimination claim based on color be dismissed.

III.     RECOMMENDATION

For the foregoing reasons, this court recommends that Henderson's Title VII color-discrimination claim against Lincare be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim on which relief may be granted. The court recommends that Henderson's Title VII race-discrimination and retaliation claims against Lincare survive.

Regarding the surviving claims, the court recommends that the Clerk be directed to issue process for Lincare and deliver that process to the marshal for service; that service of the complaint be made on Lincare pursuant to Rule 4(h)(1) of the

Federal Rules of Civil Procedure;[4] and that all costs of service be advanced by the United States.

It is further recommended that Henderson be ordered to serve a copy of every document filed in this case on the attorney for Lincare, make a certificate of service on every document filed, familiarize herself with the Federal Rules of Civil Procedure and this court's local rules,[5] promptly notify the Clerk of any change of address or extended absence, and be warned that failure to comply with these requirements, or any other order of the court, may result in the dismissal of her case without further notice.

Respectfully submitted this 30th day of August, 2017.

                              s/Diane K. Vescovo_____
                              DIANE K. VESCOVO
                              UNITED STATES MAGISTRATE JUDGE

NOTICE

Within fourteen (14) days after being served with a copy of this report and recommended disposition, a party may serve and file written objections to the proposed findings and recommendations. A party may respond to another party's objections within fourteen (14) days after being served with a

---

[4]In her complaint, Henderson lists the following address for Lincare:

19387 U.S. Highway 19 North
Clearwater, FL 33764

[5]A free copy of the Local Rules may be obtained from the Clerk. The Local Rules are also available on the court's website at www.tnwd.uscourts.gov/pdf/content/LocalRules.pdf.

copy. Fed. R. Civ. P. 72(b)(2). Failure to file objections within fourteen (14) days may constitute a waiver of objections, exceptions, and further appeal.