# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF TENNESSEE
# WESTERN DIVISION

| | |
|---|---|
| LASHONDRA HENDERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 2:17-2599-JTF-dkv |
| | ) |
| LINCARE/UNITED MEDICAL, INC. | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT'S ANSWER AND AFFIRMATIVE DEFENSES

Defendant Lincare, Inc. ("Defendant"), improperly named herein as Lincare/United Medical, Inc.,[1] hereby submits its Answer and Affirmative Defenses to the Complaint of Plaintiff Lashondra Henderson ("Plaintiff"). Responding to the specifically numbered paragraphs of Plaintiff's Complaint ("Complaint"), and using the same numbered paragraphs and headings that appear therein, Defendant states as follows:

1. With respect to the allegations contained in Paragraph 1 of the Complaint, Defendant admits only that Plaintiff purports to bring this action for alleged discrimination pursuant to Title VII of the Civil Rights Act of 1964. Defendant, however, denies that it violated Title VII or any other law with respect to Plaintiff and denies that Plaintiff is entitled to any relief sought in her Complaint. Defendant denies any remaining allegations contained in Paragraph 1 of the Complaint.

---

[1] Lincare, Inc. was doing business as United Medical, Inc. The proper Defendant name should be Lincare, Inc. d/b/a United Medical, Inc.

**JURISDICTION**

2.      With respect to the allegations contained in Paragraph 2 of the Complaint, Defendant admits only that this Court has jurisdiction over this matter, but denies that any unlawful practices occurred or that Defendant is liable to Plaintiff and denies that Plaintiff is entitled to any relief whatsoever.  Defendant denies any remaining allegations contained in Paragraph 2 of the Complaint.

**PARTIES**

3.      With respect to the allegations contained in Paragraph 3 of the Complaint, Defendant does not have sufficient knowledge or information to admit or deny the allegations and, therefore, denies the allegations in Paragraph No. 3 of the Complaint.

4.      With respect to Paragraph 4 of the Complaint, Defendant admits that its headquarters are located at 19387 U.S. Highway 19 N, Clearwater, FL 33764.

5.      Defendant admits that Plaintiff was employed at the address contained in Paragraph 5 at all relevant times.

6.      Defendant denies the allegations contained in Paragraph 6 of the Complaint.

7.      Defendant denies the allegations contained in Paragraph 7 of the Complaint.

8.      Defendant denies the allegations contained in Paragraph 8 of the Complaint.

9.      Defendant denies the allegations contained in Paragraph 9 of the Complaint.

10.     Regarding Paragraph 10 of the Complaint, Defendant avers that it does not comply with the requirements of Fed. R. Civ. P. 10(b).  With respect to the allegations contained in Paragraph 10 of the Complaint, Defendant admits that Plaintiff became employed by Defendant on August 3, 2012, as a Customer Service Representative.  Defendant denies all remaining allegations contained in Paragraph 10 of the Complaint.

11. With respect to Paragraph 11 of the Complaint, Defendant admits only that Plaintiff filed a charge of discrimination with the Tennessee Human Rights Commission on April 27, 2016, but denies that it violated the law or that any unlawful practices occurred. Defendant denies all remaining allegations contained in Paragraph 11 of the Complaint.

12. With respect to Paragraph 12 of the Complaint, Defendant admits only that Plaintiff filed a charge of discrimination with the Equal Employment Opportunity Commission on April 27, 2016, but denies that it violated the law or that any unlawful practices occurred. Defendant denies all remaining allegations contained in Paragraph 12 of the Complaint.

13. Plaintiff did not fill out Paragraph 13 of the Complaint.[2] To the extent Defendant is required to respond, Defendant denies the allegations in Paragraph 13 of the Complaint.

14. With respect to Paragraph 14 of the Complaint, Defendant admits that the Equal Employment Opportunity Commission issued a Right to Sue Letter to Plaintiff on May 16, 2017, but has no knowledge as to the date Plaintiff received the letter. Therefore, Defendant denies the allegations in Paragraph No. 14 of the Complaint.

15. With respect to Paragraph 15 of the Complaint, Defendant admits that the Equal Employment Opportunity Commission issued a Right to Sue Letter to Plaintiff on May 16, 2017, but has no knowledge as to the date Plaintiff received the letter. Therefore, Defendant denies the allegations in Paragraph No. 15 of the Complaint.

16. With respect to Paragraph 16 of the Complaint, Defendant acknowledges that Plaintiff has requested a jury trial, but denies that there are triable issue and that Plaintiff will be entitled to a jury trial relating to all of her claims.

---

[2] Plaintiff used a form template for her Complaint, which contained a Paragraph relating only to age discrimination.

With respect to the unnumbered "WHEREFORE" paragraph following Paragraph 16 of the Complaint, Defendant denies that Plaintiff is entitled to any relief requested and denies all remaining allegations therein.

DEFENDANT DENIES ANY ALLEGATIONS SET FORTH IN THE COMPLAINT NOT SPECIFICALLY ADMITTED ABOVE AND DEMANDS STRICT PROOF THEREOF.

## **AFFIRMATIVE DEFENSES**

In asserting the defenses that follow, Defendant does not assume the burden of proof as to matters that, pursuant to law, are Plaintiff's burden to prove. In addition, Defendant is continuing to investigate Plaintiff's allegations, therefore, Defendant reserves the right to amend its Answer and Affirmative Defenses.

1. To the extent Plaintiff's claims are outside the applicable statutes of limitations, or other timeliness requirements, Plaintiff's claims are barred.

2. To the extent Plaintiff has failed to state a claim, Plaintiff's Complaint should be dismissed.

3. To the extent Plaintiff has failed to exhaust any administrative remedies available to her, Plaintiff's Complaint should be dismissed.

4. To the extent Plaintiff has failed to comply with all conditions precedent to the commencement of this action, Plaintiff's Complaint should be dismissed.

5. Without admitting any of the facts or allegations contained in the Complaint, Defendant avers that neither Plaintiff's race nor any alleged protected activities were substantial or determining factors in any decision made concerning her employment status or any terms and conditions of her employment.

6. Defendant avers that Plaintiff's Complaint fails to state a claim for retaliation because Plaintiff never engaged in protected activity under Title VII.

7. Defendant avers that at all times relevant to this suit it acted in good faith with regard to Plaintiff and has reasonable grounds for believing its actions were not in violation of any law.

8. Without admitting any of the facts or allegations contained in the Complaint, Defendant avers that its acts, if any, in reference to the matters and things alleged in the Complaint were unintentional so as to bar or reduce recovery herein.

9. Plaintiff's claims are barred, in whole or in part, to the extent that they exceed the scope of or are inconsistent with the charge of discrimination filed with any fair employment practices agency authorized to receive such charge.

10. Defendant avers that it cannot be held liable for the acts of its agents or its employees that it neither directed, authorized, nor ratified.

11. To the extent Plaintiff has failed to mitigate her damages, Plaintiff's recovery of damages is barred.

12. Defendant avers that it has neither acted nor failed to act in a manner entitling Plaintiff to punitive damages.

13. Defendant avers that Plaintiff's claims for punitive damages are barred because she cannot prove by clear and convincing evidence that any of Defendant's employment actions were taken with actual malice.

14. Without admitting any of the allegations contained in the Complaint, Defendant avers that any back pay liability it might otherwise have is eliminated and/or limited by after-

acquired evidence of wrongdoing by Plaintiff that would have precluded Plaintiff's hire and/or required her termination by Defendant had it previously been known to Defendant.

15. Defendant avers that some or all of Plaintiff's claims are barred since Defendant instituted reasonable and effective policies and procedures designed to ensure effective action on any complaints of discrimination or harassment.

16. Defendant avers that if any of the allegations of the unlawful conduct contained in the Complaint are found to have merit, such acts did not occur with sufficient frequency to create an abusive or hostile working environment.

17. Defendant avers that it exercised reasonable care to prevent and correct promptly any harassing behavior and that Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided by Defendant or to avoid harm otherwise.

18. Defendant avers that Plaintiff's claims for punitive damages under Title VII are barred because any unlawful actions or decisions were contrary to Defendant's good faith efforts to comply with Title VII and Plaintiff cannot prove that Defendant acted with malice or reckless indifference with regard to her federally protected rights.

19. Defendant avers that all employment actions taken by Defendant that affected Plaintiff were for legitimate, non-discriminatory and non-retaliatory reasons.

20. Defendant avers that in the event any of the allegations of unlawful conduct contained in the Complaint are found to have merit, Defendant took prompt and effective action to remedy such actions and has no liability for them.

21. Defendant avers that its acts, if any, in reference to the matters and things alleged in the Complaint were not the proximate cause of Plaintiff's injuries, if any.

22. Defendant avers that Plaintiff was an employee at-will.

23. Defendant avers that this action is frivolous, unreasonable and groundless and, accordingly, Defendant is entitled to attorneys' fees and costs associated with the defense of this action.

24. Defendant avers that the same actor inference applies because Plaintiff was hired by the same representative of Defendant who participated in the decision to terminate her employment.

25. Plaintiff is barred from having her case tried by a jury because she waived her right to a jury trial.

## **RESERVATION OF RIGHTS**

Defendant reserves the right to assert additional affirmative and other defenses and matters in avoidance that may be revealed through additional investigation and discovery.

**WHEREFORE**, having fully responded to the allegations in Plaintiff's Complaint, Defendant respectfully requests that:

    a. Plaintiff's claims be dismissed with prejudice in their entirety;

    b. Each and every prayer for relief in Plaintiff's Complaint be denied;

    c. Judgment be entered in Defendant's favor;

    d. All costs incurred by Defendant in this action be awarded to Defendant as the prevailing party;

    e. All reasonable attorneys' fees incurred by Defendant in this action be awarded to Defendant for, among other reasons, Plaintiff's commencing and litigating this action without substantial fact or legal support; and

    f. This Court grant Defendant such other and further relief as it deems just and appropriate.

Respectfully submitted,

/s/Charles V. Holmes
Charles V. Holmes (TN BPR No. 8398)
**FORDHARRISON LLP**
1715 Aaron Brenner Drive, Suite 200
Memphis, Tennessee 38120
Telephone:   (901) 291-1500
Facsimile:   (901) 291-1501
bholmes@fordharrison.com

**ATTORNEYS FOR DEFENDANT**

**CERTIFICATE OF SERVICE**

I hereby certify that a copy of the foregoing has been served upon the following via the Court's CM/ECF system this the 6th day of February 2018:

Lashondra Henderson
3525 Philsdale Ave.
Memphis, TN  38111
lshndra30@gmail.com

/s/ Charles V. Holmes

WSACTIVELLP:9488337.1